# Zacharias v. Dougherty, Sheriff.

Under the Act of April 2, 1868, the Sheriff is entitled to poundage, only for receiving and paying money to the plaintiff or his Attorney. Under the statute, he is only so entitled when he does actually receive and pay over the money.

SHERIFF—POUNDAGE—ACT OF APRIL 2, 1868, P. L. 3—FEES.

No. 109, May Term, 1903, C. P. Cumberland County.

F. H. Hoffer, Esq., for Plaintiff.

Fillmore Maust, Esq., for Defendant.

Opinion by E. W. BIDDLE, P. J.


## CASE STATED.

And now, March 2, 1903, it is hereby agreed by and between the Attorneys for the parties to the above action respectively, that the following case be stated for the opinion of he Court, in the nature of a special verdict.

That the defendant is the Sheriff of Cumberland County, and as such he entered upon the duties of his office on the first Monday of January, 1901, and has continuously since then held the said office. That on January 19, 1903, the plaintiff became the owner by purchase and assignment of a certain mortgage made by one R. Jennie Mosser et ux. to Emma C. Simpson et al. for the amount of $5000, dated 30th Sept., 1897, and recorded in Mortgage Book 37 at page 452, in Recorder's office, said county, said mortgage being the first lien on the land therein described; that a sci. fa. and an alias sci. fa. were issued on said mortgage and duly prosecuted to judgment which was entered to No. 20, Sept. Term, 1899, on June 19, 1899, in the sum of $5650.44 with interest from June 19, 1899; that on said Jan. 19, 1903, the said judgment was assigned to the plaintiff herein, and he thereupon became entitled to all the rights of the original plaintiffs in said judgment; that under pluries writ of Lev. Fa., issued to No. 11 Feb. Term, 1903, that property bound by the said mortgage and judgment was exposed to public sale by the said W. Harry Dougherty, Sheriff

as aforesaid, on Friday, January 30, 1903, and sold to the plaintiff herein at and for the sum of $5700, he being the highest and best bidder, and that the highest and best price bidden for said property; that on Jan. 30, 1903, the said plaintiff paid to the said defendant, as Sheriff, the costs due on said writ of Lev. Fa. (except poundage which plaintiff alleged was not due to the said Sheriff, defendant herein) namely the sum of $30.21, and the said Sheriff, acting by his Deputy, F. B. Mentzer, took the plaintiff's receipt, as a lien creditor entitled to receive the entire proceeds of said sale, for the balance of the purchase money, $5669.79. That subsequent to Jan. 30, 1903, and prior to the day set for making returns of Sheriff's sales to lien creditors, the said defendant demanded of the plaintiff's Attorney the sum of $36.00 for poundage on the purchase price of the said property, which sum the said defendant alleged was due him as Sheriff, at the same time threatening that he would not make the return of the sale to the plaintiff as a lien creditor unless the said sum of $36.00, as poundage was paid to him; that the plaintiff's Attorney denied the right of the Sheriff to demand and receive any poundage, under the facts of the case, but, rather than have the return of the sale delayed, he paid the said Sheriff, defendant, the said sum of $36.00, as poundage, under protest, and reserving the right to contest the right of the Sheriff, defendant, to demand, receive and retain the said sum of $36.00, or any sum, as poundage. That the said defendant received the said sum of $36.00, as poundage, and still retains the same. That after the payment of the said $36.00, as demanded by the defendant, the return of the sale of the real estate mentioned, to the plaintiff as a lien creditor, was duly made by said Sheriff, defendant, and a Sheriff's deed thereafter was duly delivered to the plaintiff for the said property.

If the Court be of the opinion that the defendant, as Sheriff, was not entitled to demand and receive poundage, under the facts as above stated, then judgment to be entered for the plaintiff in the sum of $36.00, with interest from Feb. 3, 1903.

Zacharias v. Dougherty, Sheriff.

But if the Court be of the opinion that the defendant as Sheriff, was entitled to demand and receive poundage, under the facts as above stated, then judgment to be entered in favor of the defendant. The costs of this proceeding to follow the judgment. Each party reserves the right to appeal.

Plffs. Atty. cited; 2 C. C. R. 531; 3 D. R. 782, and called attention of the Court to a report of a committee of members of the bar of Cumberland County appointed by the then Judge W. F. Sadler, to revise fee bills, in which they say:

"Poundage in accordance with the fee bill. No pound-"
"age allowed except when money actually passes through"
"Sheriff's hands. Not allowed when property is bought by"
"execution plaintiff."

Deft's Atty. cited and relied on Act of April 20, 1846, P. L. 411, §1 (P. & L. Dig. 1979 pl 131).

## OPINION AND DECREE OF THE COURT.

By the Court:

By the Act of April 2, 1868, P. L. 3, the Sheriff is entitled to poundage only for "receiving and paying money to the" "Plaintiff or his Attorney." His right to poundage is entirely statutory and it is manifest that the above clause does not invest him with authority to claim it when he neither receives nor pays money. As is said in Miller v. Griffith, 2 Pa. C. C. Reps. 531, the wording of the Act is so clear on this point that any attempt at interpretation beyond these plain words would be superfluous. And now, April 16, 1903, in conformity with the above opinion, it is ordered that judgment be entered in favor of the plaintiff against the defendant for the sum of thirty-six dollars with interest from February 3, 1903.